IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LAROY JAMES TINDLE | § | |
| v. | § | CIVIL ACTION NO. 6:19cv95 |
| LATINA BLAIR, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Laroy Tindle, a former inmate of the Texas Department of Criminal Justice - Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Texas Department of Criminal Justice records show that Plaintiff was paroled out of TDCJ on January 13, 2023. To date, he has not advised the Court of his current mailing address or present whereabouts, nor has he contacted the Court in any way since that date.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. *Id.*, *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). Plaintiff's failure to prosecute his case is demonstrated by his failure to apprise the Court of his mailing address or current whereabouts.

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that

plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988), *citing* Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Plaintiff's failure to notify the Court of his mailing address or current whereabouts is not an action which threatens the judicial process, rendering dismissal with prejudice unwarranted. The imposition of fines and costs is not appropriate given the status and nature of this case. The complaint form signed by Plaintiff contains a declaration reading "I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit." (Docket no. 1, p. 5).

The incidents complained of occurred in 2018, and so it appears that a dismissal without prejudice could operate as a dismissal with prejudice because of the statute of limitations. The Fifth Circuit has held that a dismissal for failure to prosecute which is tantamount to a dismissal with prejudice can be an abuse of discretion unless there is a showing of contumacious conduct, of which there is none in this case. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).

Consequently, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice, with the statute of limitations suspended for a period of sixty days following the date of entry of final judgment. *See Mills v. Criminal District Court No. 3*, 837 F.2d 677, 680 (5th Cir. 1988); *Rodriguez v. Holmes*, 963 F.2d 799, 802 (5th Cir. 1992).

## RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court. It is further recommended that the statute of limitations be suspended for a period of sixty (60) days from the date of entry of final judgment in the case.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 15th day of March, 2023.**

*[signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE